

**GORDON & HAFFNER, LLP**
Attorneys at Law
480 Mamaroneck Avenue
Harrison, New York 10528
----------
(718) 631-5678

December 7, 2020

VIA ECF and EMAIL: chambersnysdmarrero@nysd.uscourts

Honorable Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street – Suite 1610
New York, New York 10007

Re:   *Samuel Gowrie, et al. v. Hyster-Yale Group, Inc., et al.* Case No: 1:19-cv-04714-VM

Dear Judge Marrero:

    We represent the plaintiffs and write on behalf of all parties to request that: (i) all discovery deadlines herein be suspended for sixty (60) days; and (ii) a conference be scheduled February 8, 2021 to set new dates to accommodate the expected substitution of a new defendant for Eevelle LLC.

    Although photographs of the fork-lift weather shield involved in the subject accident were included with plaintiffs' initial disclosures, following a recent product inspection at the New York City Transit Authority ("NYCTA") (plaintiff Sam Gowrie's former employer), defendant Eevelle advised that the representative who conducted its inspection had determined Eevelle was neither the manufacturer nor seller of the weather shield, and subsequently promised to provide an affidavit to that effect. Since the Complaint's allegation that Eevelle manufactured and/or sold the shield was made "on information and belief" (i.e., internet photos of an apparently identical shield manufactured by Eevelle), and plaintiffs have no reason to doubt the conclusion of Eevelle's representative, I have not pressed earlier requests for dates for Eevelle's deposition. I did, however, complete the deposition of co-defendant Hyster this last Friday.

    As the photographs of the shield included among plaintiffs' initial disclosures do not reveal the name of its manufacturer, NYCTA is the only entity with maintenance and other records which would confirm its identity. Unfortunately, NYCTA failed to comply with my repeated pre- and post-Complaint FOIL requests for this information, leaving plaintiffs no choice but to file the Complaint naming Jane and John Doe defendants, in addition to Eevelle as the product manufacturer and seller.

    In any case, I expect maintenance and other records subpoenaed from NYCTA will allow us shortly to know the identity of the shield manufacturer/seller, to substitute it for Eevelle, and to serve the Complaint on such party before the requested February 8, 2021 court conference. I regret the delay occasioned by this application. However, until the recent product inspection and counsel's advice of its post-inspection conclusion, we reasonably believed Eevelle was the proper party, a conclusion Eevelle did not dispel upon receiving the shield photographs included in plaintiffs' initial disclosures.

Hon. Victor Marrero
December 7, 2020
Page 2

There have been two previous requests seeking a modification of the CMO, both on consent.

The Court's consideration is appreciated.

                                          Respectfully submitted,

                                          /s/ *Steven R. Haffner*
                                          Steven R. Haffner

cc:     John P. Freedenberg, Esq. (attorney for Hyster-Yale defendants) (by ECF and email)
        Rose M. Cotter, Esq. (attorney for Eevelle, LLC) (by ECF and email)



**Request GRANTED.**

```
The discovery deadlines are hereby suspended for
60 days. The Court will schedule a conference at
a later time if determined to be necessary.
```

**SO ORDERED.**

```
December 8,
2020
```
DATE                       VICTOR MARRERO, U.S.D.J.