USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL GOWRIE, et al.

    Plaintiffs,

-against-

HYSTER-YALE GROUP, INC., et al.,

    Defendants.

19-CV-4714 (VM) (BCM)

**ORDER REGARDING GENERAL PRETRIAL MANAGEMENT AND SCHEDULING DISCOVERY CONFERENCE**

**BARBARA MOSES, United States Magistrate Judge.**

### Reference

The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. No. 44.) All pretrial motions and applications, including those related to scheduling and discovery (but excluding motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification under Fed. R. Civ. P. 23) must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

### Procedural History

This is a products liability action arising out of injuries sustained by plaintiff Samuel Gowrie while operating a forklift. Gowrie alleges that he was blinded when a gust of wind blew the forklift's "weather shield," which was unzipped, into his face. It appears to the Court that:

(a) The discovery deadlines originally set by the district judge on March 27, 2020 (Dkt. No. 32) have been extended several times.

(b) Most recently, on October 13, 2020, at the request of the parties, the fact discovery deadline was extended to December 8, 2020, and the expert discovery deadline was extended to April 21, 2021. (Dkt. No. 37.)

(c) On December 8, 2020, at the request of the parties, all discovery deadlines were "suspended for 60 days" in anticipation of plaintiffs' motion to amend the complaint or substitute parties. (Dkt. No. 40.)

(d) No such motion was filed.

(e) The 60-day suspension of the discovery deadlines has run, meaning that the fact discovery period closed on February 8, 2021, and the expert discovery deadline is now June 21, 2021.

(f) On April 6, 2021, plaintiffs requested a conference to set a schedule for (i) their motion to amend the complaint to name new defendants previously sued only as "Does" and "rejoin" defendant Crown Equipment Corporation, previously dismissed without prejudice; and (ii) the completion of discovery. (Dkt. No. 41.)

(g) On April 7, the district judge granted leave to plaintiffs to "file an amended complaint and rejoin Crown Equipment Corporation," and directed the parties to submit a proposed modified discovery schedule. (Dkt. No. 42.)

(h) No amended complaint was filed and no proposed modified discovery schedule was submitted.

(i) On May 10, 2021, shortly before the district judge referred this action to the assigned magistrate judge for general pretrial management, defendant Hyster-Yale Group, Inc. wrote to request a status conference, stating that it was "ready to proceed to the expert phase" of discovery and had "proposed a new discovery schedule," but plaintiffs did not accept it. (Dkt. No. 43.)

## Status and Scheduling Conference

The Court will conduct a telephonic status and scheduling conference on **June 2, 2021, at 10:00 a.m.** At that time, the parties are directed to call **(888) 557-8511** and enter the access code **7746387**.

In advance of the conference, and no later than **May 27, 2021**, the parties shall submit a joint letter, no longer than four pages, in which they update the Court as to: (i) why plaintiffs have not yet amended or moved to amend their complaint, and when they propose to do so; (ii) what fact discovery remains to be completed with respect to the current claims and parties; and (iii) what fact discovery would be required with respect to the proposed amended complaint. If the parties disagree as to any of these items they may separately set forth their respective views within the joint letter, *without* extended argument. Additionally, the parties shall attach a proposed modified schedule to be so ordered by the Court. If they disagree as to the schedule, they may attach a redline (or, if the differences are substantial, separate versions) *without* extended argument.

## General

Parties and counsel are cautioned:

1. Once a new schedule has been issued, all discovery must be initiated in time to be concluded by the close of discovery set by the Court.

2. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless a party requests or the Court requires more formal briefing. Absent extraordinary

circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

3. For motions other than discovery motions, pre-motion conferences are not required, but may be requested where counsel believe that an informal conference with the Court may obviate the need for a motion or narrow the issues.

4. Requests to adjourn a court conference or other court proceeding (including a telephonic court conference) or to extend a deadline must be made in writing and in compliance with § 2(a) of Judge Moses's Individual Practices. Telephone requests for adjournments or extensions will not be entertained.

5. In accordance with § 1(d) of Judge Moses's Individual Practices, letters and letter-motions are limited to four pages, exclusive of attachments.

6. **For the duration of the COVID-19 national emergency, unless otherwise ordered by the Court:**

   a. <u>Conferences and Hearings</u>. All court conferences and hearings will be conducted by teleconference or videoconference. Please treat the remote conference or proceeding as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called.

   b. <u>Remote Depositions</u>. Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or

designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

Dated: New York, New York
May 13, 2021

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**