UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SAMUEL GOWRIE, et al.,

    Plaintiffs,

-against-

HYSTER-YALE GROUP, INC., et al.,

    Defendants.

19-CV-4714 (VM) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons stated on the record during today's telephonic status and scheduling conference, it is hereby ORDERED:

1. As to the current claims and parties, expert discovery will proceed as follows:

    a. Disclosure of plaintiffs' expert evidence, including the identities and written reports of experts, as required by Fed. R. Civ. P. 26(a)(2)(A), (B), or (C), shall be made no later than **August 2, 2021**.

    b. Disclosure of defendants' expert evidence intended solely to contradict or rebut expert evidence on the same subject matter disclosed by plaintiffs shall be made no later than **September 15, 2021**.

    c. All expert discovery, including depositions of experts, shall be completed no later than **November 1, 2021**.

    d. Pre-motion conference letters with respect to summary judgment shall be filed no later than **30 days after the close of discovery**. Summary judgment motion papers shall conform to the individual practices of the district judge.

2. As to current defendant Eevelle, LLC (Eevelle):

    a. Plaintiffs have informed the Court that they intend to dismiss their claims against Eevelle, subject to finalization of a mutually acceptable stipulation of dismissal. The parties are reminded that Fed. R. Civ. P. 41(a)(1)(A)(ii) requires that such a stipulation be signed by "all parties who have appeared."

    b. Should the parties agree on the terms of a stipulation of dismissal as to Eevelle, plaintiff shall file the fully executed stipulation no later than **June 9, 2021**. If no such stipulation is filed, the Court will presume that Eevelle will remain as a party through the remainder of the discovery schedule.

3. As to former defendant Crown Equipment Corporation (Crown) and fictitiously named defendant "XYZ Entity #1" (XYZ):

   a. Plaintiffs have informed the Court that they intend to (i) seek an order compelling Crown to produce documents in response to a non-party subpoena first served upon Crown on or about April 8, 2021, and thereafter (ii) seek leave to "amend the complaint to add Crown as a defendant and to add/substitute the weather shield manufacturer, seller, and/or maintenance provider," previously identified only as XYZ. (Dkt. No. 47, at 1).[1]

   b. Fact discovery is re-opened for the limited purpose of permitting plaintiffs to pursue documents responsive to the subpoena they served upon Crown.

   c. Any letter-motion seeking an order to compel Crown to comply with plaintiffs' subpoena shall be filed no later than **June 9, 2021**, in accordance with Local Civil Rule 37.2 and Moses Ind. Prac. § 2(b).

   d. Crown's opposition letter, if any, shall be filed no later than **June 14, 2021**.

   e. Any motion to amend the complaint to add Crown and/or the designer, manufacturer, seller, and/or maintainer of the weather shield as a defendant shall be filed no later than 20 days after Crown has produced its "maintenance file." *See* Joint Letter dated May 27, 2021, at 1.

---

[1] In their complaint, filed in state court on January 14, 2019, plaintiffs allege on information and belief that Crown (along with defendants Hyster-Yale Group, Inc. and affiliates) "manufactured, serviced and maintained" the forklift that plaintiff Samuel Gowrie was operating when he was injured, including the forklift's "weather shield," which blew into Gowrie's face and allegedly blinded him on January 15, 2016. *See* Compl. (Dkt. No. 1-1) ¶ 5. Plaintiffs further allege that Eevelle "sold and manufactured" the weather shield, which was designed either by Eevelle or by fictitiously-named defendant XYZ. *Id*. ¶¶ 8-9. Crown never answered or appeared. On October 7, 2020 – apparently based on conversations among counsel – plaintiffs came to the conclusion that Crown was not responsible for maintaining the forklift or its weather shield, and dismissed all of their claims against Crown voluntarily pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). *See* Not. of Vol. Dismissal (Dkt. Nos. 35, 38). Thereafter, following an inspection of the equipment, Eevelle advised that it "was neither the manufacturer nor seller of the weather shield." *See* Joint Ltr. dated Dec. 7, 2020 (Dkt. No. 39) at 1. Based on further conversations among counsel, however, plaintiffs have changed their minds about Crown, and now believe that it was in fact responsible for maintaining the forklift and its weather shield. *See* Pl. Ltr. dated April 7, 2021 (Dkt. No. 41) at 1. Plaintiffs further believe that Crown possesses documents that will both confirm its maintenance responsibilities and identify the true manufacturer of the weather shield. *See* Joint Ltr. dated May 27, 2021 (Dkt. No. 47) at 1.

4. Plaintiffs shall promptly serve a copy of this Order on Crown and file proof of such service on the docket.

Dated: New York, New York
June 2, 2021

                                   **SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**